UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CAMERON BREWER,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.: 23-cv-001836 |
| | § | |
| **UNITED STATES OF AMERICA;** | § | |
| and, **HARRIS COUNTY, TEXAS;** and, | § | |
| **JENNY LY,** Payroll Director; and, | § | |
| **EDWARD GONZALES,** as | § | |
| Sheriff of Harris County, | § | **JURY TRIAL DEMANDED** |
| *Defendants*. | § | |

## COMPLAINT

Plaintiff Cameron Brewer brings these causes of action against the Defendants, jointly and or severally seeking declaratory, compensatory, injunctive, and equitable relief alleging and would respectfully show and state as follows:

## INTRODUCTION

1. This is a civil action for money damages, declaratory, and injunctive relief brought for the collection of unpaid federal tax withholdings not paid to Defendant United States of America, pursuant to 26 U.S.C. § § 7401 and 7403 and pursuant to 42 U.S.C.§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution.

2. Plaintiff alleges that Defendants Harris County(though the actions of the Harris County Judge, Lina Hildago and County Commissioners, and Jenny Ly, Payroll Director, and Edward Gonzales, Sheriff, where Harris County, Jenny Ly and Edward Gonzales are jointly and or severally responsible parties as defined under 26 U.S.C. § 6672 as officers

1

responsible for withholding and payment of Plaintiff's payroll employment taxes, trust fund withholding taxes, social security taxes as well as Harris County contributions as required under 941 employer withholdings contributions.

3. Defendant United States, by and through the Department of Treasury, Internal Revenue Service (IRS), was informed of the discrepancies and failure to pay the withheld funds and or account for such withholdings but still required that Plaintiff pay the additional withholdings pursuant to unlawful and fabricated documents submitted to the IRS by way of a form 1099 indicating that Plaintiff was not an employee and the funds ordered to be paid did not require employee withholdings. IRS indicated that until such time as Harris County Defendants properly filed the withheld payroll taxes, Plaintiff was required to pay the additional taxes as if no monies had been withheld.  Defendant United States is liable for providing Plaintiff a refund of all monies paid and or assessed as a result of the intentional misrepresentation of Plaintiff's status as not being an employee.

4. There appeared to have been an agreement between Harris County and or Harris County Sheriff's Office after Plaintiff was ordered to be reinstated by the Civil Service Commission with backpay, where he would be allowed to retire after being paid one year of backpay. The amount of backpay appears to be approximately **$143,821.68.** as the actual amount of backpay awarded as the gross amount; but, this amount may have been reduced to approximately **$123,280.80** the Harris County Defendants due to supposedly withdrawing amounts calculated for employee benefit plans. However, no such calculations coincide with Harris County Defendants figures.

# PARTIES

5. Plaintiff, Cameron Brewer, is an individual, and a citizen of the State of Texas.

6. Defendant Harris County is a political subdivision of the State of Texas whose status and authority are derived from the Constitution of Texas and laws passed by the Texas Legislature under the authority of the Texas Constitution. Harris County acted by and through its policymakers, agents, and employees on behalf of Defendant Edward Gonzales. These Defendants are located in Harris County, Texas, and may be served with process by serving the County Judge Lina Hildago. At all times material hereto, Defendants Harris County and or Edward Gonzales weere acting under color of state law and were the responsible parties under 28 U.S.C. § 6672 as well as **26 CFR §§ 31.3402(d) and or (g) and or 31.3403-1)** to ensure the Defendants' duty to withhold and pay over and report all employment taxes to the Defendant United States of America.

7. Defendant Jenny Ly is employed as the Payroll Director for Defendant Harris County and or the Harris County Sheriff's Office. Defendant Ly is an individual who is a citizen of the State of Texas and can be served at her place of employment. Defendant Ly is sued in her individual capacity and in her official capacity as Payroll Director, acting under color of law. At all times material hereto, Defendant Ly was employed as the payroll enforcement officer for Harris County and or the Harris County Sheriff's Office. At all times material hereto, Defendant Ly was acting under color of state law and was the responsible party under 28 U.S.C. § 6672 as well as **26 CFR §§ 31.3402(d) and or (g) and or 31.3403-1)** to ensure the Defendants duty to withhold and pay over and report all employment taxes.

## JURISDICTION

8. The Court has jurisdiction over the lawsuit pursuant to *28 U.S.C. §§1331 and 1343* because the suit arises under the Constitution of the United States and *42 U.S.C. §1983* and the Fourth and Fourteenth Amendments to the United States Constitution.

9. This Court also has jurisdiction to declare the rights and duties of the interested parties under 28 U.S.C. §§2201, 2202 and 2410 et seq. as the United States has an interest in the payment and collection of taxes owed by the Defendants.

## VENUE

10. Venue is proper in this district under *28 U.S.C. §1391(b)(1)* because Defendants are located in this district and all Defendants reside in this state.

11. Venue is proper in this district under *28 U.S.C. §1391(b)(2)* because a substantial part of the events or omissions giving rise to this claim occurred in this district. The Fourth, and Fourteenth Amendments to the United States Constitution, and under the laws of the which give rise to the complained of violation under *42 U.S.C. §1983* occurred within this district.

## FACTUAL BACKGROUND

12. Paragraphs 1 through 11 are incorporated by reference and Plaintiff re-alleges each allegation set forth above as though fully set forth herein.

13. Plaintiff was removed from active service with the Harris County Sheriff's Office and sought reinstatement through the Sheriff's Civil Service Commission for Harris County. The Civil Service Commission reinstated Plaintiff with an order awarding back pay. (Believed to be **$143,821.68.**)

14. On or about October 10, 2020, a clarification was sought by Defendant Sheriff's Office and or Defendant Gonzales regarding backpay. The Civil Service Chairman issued a letter regarding the motion for clarification to Defendant Sheriff's Office and/or Defendant Gonzales denying the requested clarification and indicating only back pay was awarded "which did not include benefits." It appears that the original amount contemplated was approximately **$143,821.68.** Which included his longevity pay, and education certificate as well as his college credit.

15. Subsequently, the parties appeared to resolve the issue with the amount of back pay being resolved at approximately **$123,280.80.** However, a representative of the Harris County Attorney's office appears to have attempted to indicate that further deductions were allowed even though such were not included with the base pay calculations (ie insurance and vacation time accrued and or equipment allowances. The Plaintiff was not advised of the nature of the issues but believed that employment taxes would be taken out of the sums due to him at the approximate amount of thirty (30%) percent.

16. The parties did reach an agreement indicating that Plaintiff would be allowed to retire along with receiving his back pay. However, the county attorney responsible for the resolution with Defendant Harris County presented a payment request for approximately **$78,621.87** which appeared to be the appropriate amount for federal withholding taxes.

17. The Plaintiff apparently had to present a form W-9 to receive his payment. Plaintiff understood and believed that this form was required to receive his backpay award.

18. Plaintiff received his payment of approximately **$78,621.87**.

19. Sometime in 2021, Plaintiff received a form 1099 from Defendants Harris County, Defendant Ly and or Defendant Harris County Sheriff's Department. Defendant attempted to resolve and or get clarification regarding the filing of the 1099 indicating he was not an employee and the payment was not part of his backpay wages.

20. Harris County Defendants did not appear to account for the required withholdings with the 1099 filing and no explanation or accounting has been provided regarding the **$65,199.81** still missing or unaccounted for by the Harris County Defendants.

21. Defendant contacted Defendant United States (IRS) and was informed that no withholdings were paid or registered by the Defendants and Plaintiff would be responsible for taxes on the payment that he did receive. Plaintiff was unable to get any resolution from Defendants Harris County Sheriff's Officer and or Defendant Gonzales.

22. Plaintiff sought an extension from the IRS but ultimately was forced to comply with the IRS regulations and file his returns in October of 2021. The IRS ultimately accessed penalties and interest for the underpayment of withholdings on the amount provided by Harris County Defendants.

23. Plaintiff is currently having to be responsible for significant payments under a payment plan with the IRS as they have not received any information and or notice that the appropriate employer withholdings have been paid or filed regarding Plaintiff's backpay award.

24. Plaintiff has sought explanation for the non-payment of statutory payment of his withholdings and employer contributions required under the law.

25. Plaintiff has been led to believe that he was not entitled to the monies or credit for the withholdings as he waived such claims when the Harris County Defendants issued him a 1099.

26. Plaintiff has not signed or executed any waiver of his employment status and or entitlement for complete backpay awarded with his reinstatement. Plaintiff did agree to retire under the circumstances to avoid further hostilities generated with his reinstatement.

27. The Harris County Defendants have never made or presented an accounting of wages or withholdings regarding his backpay award.

28. Harris County acting at direction of the County Judge Lina Hildago, approved the payment and never addressed the issues of withholdings and or approved any agreement in writing between the Plaintiff and any entity or person employed by Harris County.

29. Defendant Ly, as Payroll Director, was the person who was ultimately responsible to ensure the appropriate taxes were withheld and or trust funds accounted for and paid to the Defendant United States (IRS). Defendant Ly allowed and approved the payment for backpay as being improperly listed as a non-employee determination. This determination was on its face improper as the payment of backpay required the Harris County Defendants to withhold and account for and pay all employment taxes including but not limited to social security and Medicare taxes to which Harris County Defendants had to pay a contributing amount.

30. Harris County Defendants knew and had reason to know and understood that they had a duty to withhold employment taxes. No written agreement existed for any payment to be made that authorized the reduction of the backpay award.

31. The Plaintiff was not made part of any known agreement and cannot determine where he waived payment of the backpay that was awarded.

32. Harris County Sheriff's Office is required to withhold employee income tax as well as social security and Medicare taxes (social security and Medicare taxes are required by a law under the Federal Insurance Contributions Act ("FICA") and are known together as FICA taxes) from their employee's paychecks.

33. Harris County Sheriff's Office is obligated to pay these withheld amounts over to the United States. See 26 U.S.C. §§ 3102(a) (duty to collect employee's share of FICA), and §3102(b) (duty to pay over collected FICA taxes), §3402 (duty to withhold income taxes) (duty to pay over income taxes).

34. 26 U.S.C. § 7202 makes it a crime to fail to collect a tax and, fail to truthfully account for or pay over a tax.

35. Enforcement of employment taxes is one of the (Defendant IRS) Tax Division's top priorities and Defendant United States (IRS) has allowed the Harris County Defendants to avoid their statutory responsibilities.

    a. Harris County Defendants had a duty to collect, account for, and pay over employment taxes or withholdings.

    b. Harris County Defendants willfully failed to truthfully, account for, or pay over the employment taxes. See *United States v. Thayer*, 201 F.3d 214, 219-21 (3rd Cir. 1999); see also *United States v. Simkanin*, 420 F.3d 397, 404-05 (5th Cir. 2005).

    c. It is well established that Harris County Sheriff's Office through the responsible party, Defendant Ly, had the duty to pay over withheld taxes to the IRS. See 26 U.S.C. § 7202.

    d.  The Harris County Defendant can all be responsible and ultimately liable for a failure to collect, account for, and pay over the tax. See *Barnett v. I.R.S.*, 988 F.2d 1449, 1455 (5th Cir. 1993).

    e.  The Harris County Defendants' acts and or omissions are sufficient to show that the acts were intentional and willful, in addition Harris County Defendants are equally liable for failing to deposit the required taxes that should have been withheld as required by the IRS. *See* 26 U.S.C. § 7512.

    f.  The statute of limitations for a failure to collect or pay over taxes is six years. See *United States v. Adam*, 296 F.3d 327, 330-31 (5th Cir. 2002). See also 26 U.S.C. § 7202. Harris County can be fined up to $500,000.00.

    g.  Under 18 U.S.C. §3571, Harris County Defendants can be liable for costs, fees and expenses of this action for not withholding trust fund taxes and or not accounting for non-payment of such wages that were ordered to be paid as backpay.

    h.  A responsible person is defined as "someone who has the status, duty and authority to avoid the [employer's] default in collection or payment of the taxes." *Ferguson v. United States*, 484 F.3d 1068, 1072 (8th Cir. 2007).

36. The Internal Revenue Code (26 U.S.C.A. § 6672) requires the Harris County Defendants "to collect, truthfully account for, and pay over any tax…" These Defendants failed to do so by fabricating a 1099 rather than properly account for the taxes and monies due to Plaintiff. This scheme was intentionally designed to harm and punish Plaintiff for being successful in being reinstated and obtaining his backpay award.

37. For purposes of liability under § 6672 of the Internal Revenue Code (26 U.S.C.A. § 6672), a person empowered to perform any one of the three functions stated in the statute—collecting, accounting for, and paying over tax—is a responsible person. *Schink v United States* (1983, WD Wash) 84-1 USTC ¶ 9106, 53 AFTR 2d 84-1026.

38. Harris County Defendants had the actual power or authority to see to it that taxes are paid, or to cause taxes not to be paid, and are responsible under the statute. See *United States v Hill* (1966, CA5 Tex) 368 F2d 617, 67-1 USTC ¶ 9137, 66-2 USTC ¶ 9736, 18 AFTR 2d 5913, 18 AFTR 2d 6183; and, *Commonwealth Nat. Bank v United States* (1982, CA5 Tex) 665 F2d 743, 82-1 USTC ¶ 9149, 49 AFTR 2d 82-647; and *Lawrence v United States* (1969, ND Tex) 299 F Supp 187, 69-1 USTC ¶ 9392, 23 AFTR 2d 69-1414.

39. The Tax Code (IRS) imposes obligations upon employers (Harris County Defendants) to deduct and withhold Federal income and FICA taxes from the wages of their employees. If such taxes are not paid, §6672(a) provides for personal liability upon any person who is required to collect, truthfully account for, and pay over such employment taxes if the person willfully fails to do so.

40. Defendant United States (IRS) is not required to first exhaust its remedies against delinquent employers before seeking to protect the revenue through an assessment of a 100% penalty against a responsible person.

41. Defendant United States (IRS) imposes obligations upon employers to deduct and withhold Federal income and FICA taxes from the wages of their employees. If such taxes are not paid, Section 6672(a) provides for **personal liability** upon any person who is required to collect, truthfully account for, and pay over such employment taxes if the person willfully fails to do so. In this instance Defendant Ly.

42. As indicated by Reg. § 31.3401(c)-1(c), payors such as Harris County do not have a duty to withhold taxes from amounts paid to independent contractors such as physicians, lawyers, dentists, veterinarians and others who follow an independent trade, business or profession in which they offer their services to the public.

43. Plaintiff did not fall into any category where he was considered an independent contractor or exempt from withholdings. The Harris County Defendants simply sought to cheat and defraud him out of his back pay award.

44. Plaintiff did not waive or agree to accept the determination that he was not an employee receiving a backpay award. Plaintiff did accept the payment received believing the difference was the amount of monies withheld for federal withholding purposes.

45. The Treasury Regulations appear quite clear on this issue regarding the Harris County Defendant's duty to withhold and report taxes withheld**.  (See e.g. 26 CFR §§ 31.3402(d) and or (g) and or 31.3403-1).** The Harris County Defendants could easily file an amendment to any previous filings sent to Defendant United States. No such amendments were filed.

46. No waiver as required by law was agreed to by Plaintiff, who maintained a reasonable expectation the federal withholdings had been accomplished. No written waiver exists other than some non-descript email communications about the supposed applicability of law not addressed with the Civil Service Commission about the potential of offsets regarding issues not identified or addressed with the Civil Service Commission. Harris County Defendant were not factually or legally entitled to unilaterally reduce the backpay award from the Civil Service Commission.

47. Defendants should have deposited with Defendant United States (IRS) approximately **$65,199.81** to cover the trust fund payments that were required to be withheld from Plaintiff's backpay award. Defendant Ly was the responsible party for the payment to the IRS under the tax code as well as the other Harris County Defendants.

48. Plaintiff has suffered loss of monies and incurred significant penalties and interest due to the intentional refusal to refuse to withhold the monies deducted from his backpay award. Plaintiff relied upon and believed the Harris County Defendants would be acting in good faith and not intentionally refuse to account for and or unilaterally attempt to cheat and defraud him out of the backpay that was awarded to him.

49. No deductions were legally authorized by the Civil Service Commission and no deductions could be authorized other than stated by the commission that his backpay award did not include employee benefits which appear to be adjusted down to the **$123,280.80.** believe owed to Plaintiff. No accounting has ever been provided other than such provided to County Judge Lena Hildago (head of Harris County Defendants) who failed to address or properly determine the legitimacy of the payment for backpay as presented without any calculations, waiver, agreements or other authorizations.

50. Defendant Harris County cannot justify any reason to misclassify Plaintiff as an independent contractor or that the payment coded under 1099 filing was not for a backpay award.

51. Defendant United States should be directed to assess a Trust Fund Recovery Penalty against the Harris County Defendants, jointly or severally, for the failure to pay over the monies improperly withheld and not paid to the IRS on behalf of the Plaintiff.

52. The Harris County Defendants should be ordered to pay and reimburse all monies Plaintiff has had to pay and or indemnify any future tax liability related to their refusal to pay those trust funds to Defendant United States.

53. The Plaintiff is not a responsible person in this instance as he did not have any authority to pay trust fund taxes and or other withholdings. Plaintiff did not have any authority over expenditure of funds or the authority to direct the payment of withheld monies to Defendant United States.

54. Plaintiff did not have any authority by agreement or otherwise over the Harris County Defendants regarding general finances or the power to control the decision-making process by which the Harris County Defendants allocated funds or payments.

55. The acts of the Harris County Defendants were voluntary, conscious, and intentional. The Harris County Defendants were aware that Plaintiff was and had been an employee of the Sheriff's Office and had been reinstated with backpay. No other agreement can be shown that indicates the Plaintiff agreed that his backpay award would be reduced and or the Harris County Defendants were relieved from withholding the employment taxes or paying over the taxes that were withheld.

56. The Harris County Defendants appear to have lost and or have not accounted for the approximately **$65,199.81** taken from Plaintiff's award for backpay.

## COUNT I

## HARRIS COUNTY DEFENDANTS IN THEIR OFFICAL CAPACITY VIOLATIONS OF FOURTH AND FOURTEETH AMENDMENTS (42 USC §§ 1983 and 1988)

57. Paragraphs 1 through 56 are incorporated by reference and Plaintiff re-alleges each allegation set forth above as though fully set forth herein.

58. The Harris County Defendants lack of policy or enforcement of policy regarding unlawful seizure of Plaintiff's backpay award without any due process and the lack of training in handling of reinstatement of employees violated Plaintiff's clearly established rights under the *U.S. Constitution*:

   a. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation..." *U.S. Constitution, Amendment 4th* .

   b. "No person shall …be deprived of life, liberty, or property, without due process of law." *U.S. Constitution, Amendment 14th* .

   c. "…No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." *U.S. Constitution, Amend XIV, Section 1.*

59. The Harris County Defendants, with reckless or callous indifference to the federally protected rights of Plaintiff in his backpay property, did developed and

maintain policies and customs that promoted a deliberate indifference to the statutory and constitutional rights of the employees of Harris County which caused the violation Plaintiff's property rights in his backpay award and deprivation of the proper handling of the trust fund withholdings.

60. Acting under color of law, pursuant to official policy or custom, or lack of policy or custom, the Harris County Defendants knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's property rights, failed to instruct, supervise, control, its officials to refrain from:

    a. unlawfully and maliciously reducing his backpay award and or refusing to account for his backpay awarded;

    b. unlawfully and maliciously disposing of Plaintiff's protected property rights awarded in accordance with his constitutional and statutory rights, privileges, and immunities, without providing any due process.

    c. unlawfully and maliciously otherwise using unreasonable and unnecessary means to cheat and defraud Plaintiff from his backpay award.

    d. conspiring to violate Plaintiff's property rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the Constitution and laws of the State of Texas; and,

    e. otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities; and,

    f. allowing and encouraging the Harris County officials to believe and act as if they are not subject to the same laws and are absolutely immune from oversight, discipline, or their actions are always justified regardless of the lack of reasonableness because they purported act under the color of law; and,

    g. failure to prevent unlawful seizures and protection of private property and properly train or supervise such activities.

61. Harris County Defendants had knowledge and had a ministerial duty to protect Plaintiff's property and ownership interest in his backpay award. The Harris County Defendants had the power and responsibility to prevent or aide in preventing the commission of such wrongs and could have done so; however, the Harris County Defendants knowingly, recklessly, and/or with deliberate indifference or callous disregard of Plaintiff's rights, failed and refused to do so.

62. Harris County Defendants directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of its officials to deliberately deprive Plaintiff of his property interests in his backpay award.

63. The Harris County Defendants violated Plaintiff's rights under the Fourth, and Fourteenth Amendments of the Constitution of the United States without just or reasonable cause and caused damages to Plaintiff and creation of unnecessary emotional distress and damages from Defendant United States imposing penalties and interest as a direct result of the Harris County Defendants actions.

64. The Harris County Defendants are liable for all pecuniary losses, including, but not limited to monetary damages and expenses incurred; any and all reasonable attorney's fees, pursuant to 42 USC § 1988(b); any and all expert fees, pursuant to 42 USC §1988(c); and compensatory money damages in an amount exceeding $75,000 as well as damages for mental pain and suffering, inconvenience, loss of enjoyment of life, and mental and/or emotional distress, humiliation and embarrassment.

## COUNT II

## DEFENDANT UNITED STATES BE ORDERED TO IMPOSE TRUST FUND RECOVERY PENALTIES ON THE HARRIS COUNTY DEFENDANTS JOINTLY OR SEVERELY

65. Paragraphs 1 through 64 are incorporated by reference and Plaintiff re-alleges each allegation set forth above as though fully set forth herein.

66. The Harris County Defendants acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established constitutional rights to his backpay by continuing to choose to ignore that risks and disregard the deprivation of Plaintiff's constitutional rights to due process and property rights.

67. The Harris County Defendants acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established constitutional property and due process rights. Plaintiff's rights to his backpay were deliberately seized and not paid by the actions of the Harris County Defendants acting jointly or severally.

68. At all times material hereto, the Harris County Defendants seized Plaintiff's property, backpay monies awarded, while acting under color of law, without a warrant, consent or probable cause or other lawful authority of law and seized Plaintiff's property without just or reasonable cause. The Harris County Defendants refused to perform their ministerial duties by paying over to Defendant United States the seized withholdings and trust fund monies as required by law.

69. Plaintiff had a right against unreasonable seizure under the Fourth, and Fourteenth Amendments to the Constitution of the United States which is applicable to the State of Texas pursuant to the Fourteenth Amendment. Plaintiff had a clearly defined

right to be free from the deprivation of property without due process of law granted to him by the United States Constitution and the Constitution and statutes of the State of Texas.

70. At the time of the seizure, no reasonable grounds existed for a reasonable employer to believe that Plaintiff was not entitled to his backpay and that the Harris County Defendants had a ministerial duty to pay over to Defendant Untied States all funds kept for employment trust fund withholdings. The Harris County Defendants did not have a warrant to seize Plaintiff's property or to refuse to pay such property over to Defendant United States.

71. As a result of the Harris County Defendants intentional and/or grossly negligent actions, they caused the unlawful seizure of Plaintiff's backpay award and violated his rights as guaranteed under the Fourth and Fourteenth Amendments, the actions of the Harris County Defendants were not supported by any probable cause or reasonable suspicion, or other authority provided and required a warrant and the conduct under the circumstances was unreasonable and unjustified.

72. As a result of this unlawful seizure Plaintiff has suffered and will continue to suffer severe emotional and mental distress and monetary damages. Defendants are jointly and severally liable for all pecuniary losses, including but not limited to, legal and expenses incurred; all future expenses; any and all reasonable attorney's fees, pursuant to 42 U.S.C. § 1988(b); any and all expert fees, pursuant to 42 U.S.C. § 1988(c); compensatory money damages in excess of $75,000 for mental pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and mental and/or

emotional distress, humiliation and embarrassment; and trust fund penalties as well as other damages caused by the withholding of trust fund payments to Defendant United States (IRS).

## DAMAGES

73. Paragraphs 1 through 72 are incorporated by reference and Plaintiff re-alleges each allegation set forth above as though fully set forth herein.

74. As a direct and proximate result of the officers' disregard for Plaintiff's constitutional rights, Plaintiff has suffered the following injuries and damages:

    a. Mental anguish in the past, present and future.

    b. Compensatory Damages

## ATTORNEY FEES

75. Plaintiff is entitled to an award of attorney fees and costs under *42 U.S.C. §1988(b)*.

## DELCARATORY AND INJUNCTIVE RELIF

76. That Defendant United States be required to recover Trust Fund Recovery Penalties for failure to pay over such withholdings kept and secreted from Defendant United States from the Harris County Defendants and to relieve Plaintiff from further liability for any and all withholding and tax liability incurred due to Harris County Defendants actions designed to avoid payment of withholding taxes. Plaintiff should receive a refund for taxes paid and be allowed to file an amended return upon payment of the trust fund withheld taxes.

# PRAYER

77. For these reasons, Plaintiff asks for judgment against the Harris County Defendants, jointly and or severely, for the following:

    a.    Injunctive relief.

    b.    Actual damages.

    c.    Reasonable attorney fees.

    d.    Prejudgment and post judgment interest.

    e.    Costs of suit.

    f.    All other relief the Court deems appropriate.

# PLAINTIFF'S DEMAND FOR JURY TRIAL

78. Plaintiffs, assert his rights under the *Seventh Amendment to the U.S. Constitution* and demands, in accordance with *Federal Rule of Civil Procedure 38*, a trial by jury on all issues.

    **Respectfully submitted,**

    **/s/ David J. Batton**
    **David J. Batton**
    **Law Office of David J. Batton**
    **SDTX Bar No. 438542**
    **Texas State Bar No. 24124813**
    **OK State Bar No. 11750**
    **U.S. D.C., SD TX: 43854**
    **3130 North Freeway**
    **Houston, TX 77009**
    **(PO Box 1285, Norman, OK 73070)**
    **Telephone: (713) 659-0005**
    **Facsimile: (713) 750-0050**
    **dave@dbattonlaw.com**
    **battonlaw@coxinet.net**

    *Attorney for Plaintiff*