United States District Court
Southern District of Texas

**ENTERED**

September 24, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| CAMERON BREWER | § |
| | § |
| *Plaintiff,* | § |
| VS. | § |
| | § |
| EDWARD GONZALES, *et al.*, | § |
| | § |
| *Defendants.* | § |

CIVIL ACTION NO. 4:23-cv-1836

## ORDER

Pending before this Court is Harris County's ("Defendant")[1] 12(b)(6) Motion to Dismiss

Cameron Brewer's ("Plaintiff") Second Amended Complaint.[2] (Doc. No. 27). Plaintiff responded

in opposition (Doc. No. 30). Defendant filed a reply. (Doc. No. 31). Having considered the motion

and the relevant pleadings, the Court **DENIES IN PART** and **GRANTS IN PART** the motion.

(Doc. No. 27).

### I.    Background

The Court initially notes that none of the pleadings before the Court are exemplars of

clarity. The Court, however, will still read the pleadings—and make inferences therefrom—in the

light most favorable to Plaintiff.

Plaintiff was employed as a deputy in the Harris County Sheriff's Office. (Doc. No. 27-2).

According to Plaintiff, he was removed from active service for an officer-involved shooting

incident, (*id.*), but was subsequently reinstated with backpay, (Doc. No. 26 at 4). The reinstatement

---

[1] While the case remains stylized as *Brewer v. Gonzales et al.*, through a series of amendments to the Complaint, Harris County remains the sole defendant. *See* (Doc. Nos. 7 and 26).

[2] This Motion is entitled a Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6), but Defendant's first argument relates to this Court's lack of subject matter jurisdiction under Rule 12(b)(1). (Doc. No. 27 at 4). Since jurisdiction is a threshold question, the Court will address subject matter jurisdiction despite this inconsistency. *See Freedom From Religion Found., Inc. v. Mack*, 49 F.4th 941, 949 (5th Cir. 2022) ("We [the courts] are obliged to ensure that we have subject-matter jurisdiction, sua sponte if necessary." (internal quotation marks omitted)).

was ordered by the Harris County Civil Service Commission. (*Id.*). The backpay amount was originally determined by the Commission to be $143,821.68, but "the parties appeared to resolve the issue [of the amount] to be approximately $123,280.80."[3] (*Id.*). In December 2020,[4] however, Plaintiff received his backpay check for only $78,621.87.[5] (*Id.* at 5). While he initially presumed the unexplained reduction was due to tax withholdings, "[s]ometime later in 2021," he received a Form 1099, "indicating that he was not an employee[] and the payment was not part of his backpay wages." (*Id.*). The IRS eventually informed him that no taxes were withheld and that he would be liable for taxes on the payment. (*Id.*). After seeking an extension with the IRS, Plaintiff filed his tax return in October 2021, without "any credit for withheld taxes" and with penalties for "underpayment of withholdings." (*Id.* at 5).

Plaintiff has sought an explanation from Defendant, *see* (Doc. No. 27-2) (showing an email in February 2021 from Plaintiff to Harris County seeking clarification of the amount of the check and subsequent Form 1099), but he was told that the Form 1099 indicates his "waiver" of his claim to the withholdings.

Based on these events, Plaintiff filed this suit in May 2023. He initially had joined the United States Department of the Treasury and individual employees and officers of Harris County as defendants. *See* (Doc. No. 1). After two amendments, Harris County remains the sole defendant. *See* (Doc. Nos. 7 and 26).

---

[3] Neither party attaches the order or the terms of the agreement between the parties that documents this agreed-upon amount.

[4] Plaintiff does not provide the Court with the date or copy of the check as an exhibit. The date is taken from Defendant's exhibit, (Doc. No. 27-1), which Plaintiff does not dispute.

[5] Defendant, without further explanation, calls this payment a "litigation settlement." (Doc. No. 27 at 1). The Court has not been made aware of any litigation. The only potentially adversarial proceeding known to the Court is the one before the Harris County Civil Service Commission that ordered Plaintiff's reinstatement with backpay. The form of that order, the process for obtaining that order, and the actual wording of that order, however, remain untold after three versions of the complaint, this motion, response, and reply.

Plaintiff lodges various causes of action. Under the heading "Count I[:] Harris County

Violations of Fourth and Fourteenth Amendments (42 USC §§ 1983 and 1988)," Plaintiff alleges

that Defendant committed the following unlawful conduct:

> a. unlawfully and maliciously reducing his backpay award and or refusing to account for his backpay awarded.
>
> b. unlawfully and maliciously disposing of Plaintiff's protected property rights awarded in accordance with his constitutional and statutory rights, privileges, and immunities, without providing any due process.
>
> c. unlawfully and maliciously otherwise using unreasonable and unnecessary means to cheat and defraud Plaintiff from his backpay award.
>
> d. conspiring to violate Plaintiff's property rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the Constitution and laws of the State of Texas; and,
>
> e. otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities; and
>
> f. allowing and encouraging the Harris County officials to believe and act as if they are not subject to the same laws and are absolutely immune from oversight, discipline, or their actions are always justified regardless of the lack of reasonableness because they purported act under the color of law; and,
>
> g. failure to prevent unlawful seizures and protection of private property and properly train or supervise such activities.

(Doc. No. 26 at 14–15).

Putting aside the lack of factual allegations, these paragraphs leave the Court perplexed on

what precise Fourth and Fourteenth Amendment violations Plaintiff is claiming. Nevertheless, the

Court deduces the following § 1983 causes of action: (1) for violations of the Fourteenth

Amendment Substantive Due Process; (2) for violations of the Fourteenth Amendment Procedural

Due Process; (3) for violations of the Fourteenth Amendment Privileges and Immunities Clause;

and (4) for violations of Fourth Amendment right against unreasonable seizures as incorporated

through the Fourteenth Amendment.

For these violations, Plaintiff seeks monetary relief, (*id.* at 15), along with "a declaration

that Harris County is violating the provisions of the Internal Revenue Code (26 U.S.C.A. § 6672)"

and being "relieved from further liability for any and all withholding and tax liability incurred due to Harris County's actions," (*id.* at 18).

Defendant filed this Motion to Dismiss in response, arguing that this Court lacks subject matter jurisdiction under Rule 12(b)(1), Plaintiff's claim is time-barred, and Plaintiff has not stated a claim for which relief can be granted under Rule 12(b)(6). (Doc. No. 27).

## II.   Legal Standards

### a.   Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction. U.S. Const., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331–32. Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Id.*

4

**b. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(B)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.    Analysis

#### a.   Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Defendant argues that the Court has no jurisdiction over Plaintiff's damages claim because he "reli[es] upon United States Tax Codes," which "do not provide a private right of recovery." (Doc. No. 27 at 4–5). It also argues that the Court lacks jurisdiction over the declaratory and injunctive relief claims because (1) the Declaratory Judgment Act "expressly exempts dispute 'with respect to federal taxes,'" (Doc. No. 27 at 12) (citing *Flora v. United States*, 362 U.S. 145 (1960)); and (2) the Anti-Injunction Act states, in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." (Doc. No. 27 at 12) (citing 26 U.S.C. § 7421(a)). The Court takes these arguments in turn.

#### i.   The United States Tax Code

First, Defendant argues that no private right of action exists under 26 U.S.C. § 6672, which imposes penalties for failure to collect and pay over tax. 26 U.S.C. § 6672. For that proposition, Defendant cites to *Worsham v. Minyard Food Stores*, No. 3:00-cv-1182-P, 2001 WL 611173 (N.D. Tex. Jun. 5, 2001). *Worsham*, however, dealt with § 6722, which pertains to Form W-2, not § 6672. *Worsham*, 2001 WL 611173, at *3. In fact, § 6672 expressly allows private action for contribution. *See* § 6672(d) ("If more than 1 person is liable for the penalty under [§ 6672(a)] with respect to any tax, each person who paid such penalty shall be entitled to recover from other persons."). Regardless, Plaintiff does not base his claim on the tax code, but instead on § 1983 for violations of his constitutional rights. Thus, Defendant's 12(b)(1) motion is denied as to the damages claim.

#### ii. The Declaratory Judgment Act

Second, Defendant contends that the Declaratory Judgment Act, 28 U.S.C. § 2201, "expressly exempts disputes 'with respect to federal taxes,' . . . depriv[ing] district courts of

jurisdiction in cases where section 2201 otherwise would apply." (Doc. No. 27 at 12) (citing *Flora v. United States*, 362 U.S. 145 (1960)). Even assuming this dispute is "with respect to federal taxes," the Declaratory Judgment Act is not jurisdictional. "The operation of the Declaratory Judgment Act is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *see also California v. Texas*, 592 U.S. 659, 672 (2021) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, alone does not provide a court with jurisdiction."). Moreover, the *Flora* case Defendant relies on discusses the jurisdictional implications of a wholly different statute (28 U.S.C. § 1346(a)(1)), not § 2201. *See generally Flora*, 362 U.S. 145. Defendant makes no attempt to explain how a non-jurisdictional statute can deprive the Court of jurisdiction. Thus, the Court denies Defendant's Rule 12(b)(1) motion as to the request for declaratory judgment.

### iii. The Anti-Injunction Act

Third, Defendant argues that the Anti-Injunction Act prevents suits "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). To the extent that Plaintiff is seeking to be "relieved from further liability for any and all withholding and tax liability incurred due to Harris County's actions," (Doc. No. 26 at 18), Defendant is correct, and that relief sought is denied. Plaintiff's other causes of action and relief sought, however, do not restrain the assessment or collection of any tax. Instead, Plaintiff simply seeks damages from Defendant to make himself whole. Therefore, the Court grants in part Defendant's 12(b)(1) motion but only as to the attempt to enjoin the federal government from collecting Plaintiff's tax liability.

7

### b. Rule 12(b)(6) Failure to State a Claim

#### i. Statute of Limitations

In its 12(b)(6) motion to dismiss for failure to state a claim, Defendant argues that Plaintiff's claim is time barred. (Doc. No. 27 at 5). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the Plaintiff's pleadings that the action is barred[,] and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).[6] Since "no specified federal statute of limitations exists for § 1983 suits, federal courts borrow the forum state's general or residual person-injury limitations period." *Edmonds v. Oktibbeha Cnty., Miss.*, 675 F.3d 911, 916 (5th Cir. 2012) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)).

Defendant argues that Texas' two-year statute of limitations for personal-injury claims should apply. (Doc. No. 27 at 9) (citing Tex. Civ. Prac. & Rem. Code § 16.003). Plaintiff, on the other hand, takes a shotgun approach, arguing that any of the following four-year statute of limitations should apply: (1) breach of fiduciary duty, Tex. Civ. Prac. & Rem. Code § 16.004(a)(5); (2) certain debt collection claims, *id.* § 16.004(a)(3); (3) fraud, *id.* § 16.004(a)(4); (4) breach of contract, *id.* § 16.004 or Tex. Bus. & Com. Code § 2.725;[7] or (5) claims in which no other statute of limitations is expressly available, Tex. Civ. Prac. & Rem. Code § 16.051.

First, most of Defendants' proposed statutes of limitations ignore the Supreme Court's clear instructions that the forum's "general or residual personal-injury limitations period" should apply. If he wanted to take advantage of the limitations periods for breach of fiduciary duty, debt

---

[6] Defendant cites to 3339 F.3d 359, 366 (5th Cir. 2003), but since that volume of the Federal Reporter does not exist, the Court presumes that to be a typographical error.

[7] Notably, Tex. Civ. Prac. & Rem. Code § 16.004 deals with statute of limitations for "specific performance of a contract for the conveyance of real property," and Tex. Bus. & Com. Code § 2.725 with "[a]n action for breach of any contract for sale"—neither of which, on the face of the statutes, are applicable here.

collection, fraud, or breach of contract, he should have brought those claims if merited. He did not. Those statutes, therefore, do not apply.

Second, while the Supreme Court seemed to offer a choice between the two-year limitations for personal-injury claims that Defendant advocates for and the residual four-year limitations that Plaintiff seeks, the Fifth Circuit has made clear that the former applies. *See Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014). "[O]ur cases have consistently held that the statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing *personal injuries* in the forum state," which, in Texas, is two years. *Id.* (emphasis added) (internal quotations marks and citation omitted). The court there specifically rejected the argument that the residual statute of limitations for all other types of actions should apply because that "re-characterize[s Plaintiff's] § 1983 claim as something other than what the Supreme Court has characterized it as—a personal injury action." *Id.*

With the two-year limitations period established, the Court now turns to when the cause of action accrued. Unlike the limitations period, the accrual date is determined by federal law. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). "Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (cleaned up). "A plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim." *Id.* "Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further." *Id.* (internal quotes omitted).

While the Court must credit the well-pleaded facts in Plaintiff's Second Amended Complaint to determine the accrual date, that document is devoid of any specific dates or exhibits other than that "[s]ometime later in 2021," he received a Form 1099 from Defendant and in

9

"October 2021," he had to file his taxes. (Doc. No. 26 at 5). Fortunately for this Court, "[w]hen a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims . . . the court can also properly consider those documents." *Inclusive Cmty. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).[8]

Here, Defendant's exhibits show that Plaintiff received the check on December 10, 2020, (Doc. No. 27-1), and his Form 1099 at least before February 20, 2021. (Doc. No. 27-2) (showing an email, dated February 20, 2021, from Plaintiff to Defendant inquiring about the Form 1099 he "just received."). While the Court credits Plaintiff's contention that he initially believed taxes were withheld from the full $120,280.80 he was entitled, the issuance of Form 1099 before February 20, 2021 "would lead a reasonable person to investigate further." *Piotrowski*, 237 F.3d at 576. Indeed, Plaintiff did investigate further. *See* (Doc. No. 27-2). Thus, this action accrued on or before February 20, 2021, but he filed this action on May 19, 2023, (Doc. No. 1), well past two years from the accrual date. Plaintiff's claim, therefore, is time barred unless he can show that tolling or estoppel would apply.

### ii. Equitable Tolling

Plaintiff raises two defenses against the statute of limitations argument. First, he argues that equitable tolling should apply. (Doc. No. 30 at 10). Second, he argues that equitable estoppel should apply. (*Id.* at 11). These are taken in turn.

"When a federal cause of action borrows a statute of limitations, coordinate tolling rules are usually borrowed as well. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015) (internal quotation marks omitted). Plaintiff does not identify which equitable tolling doctrine he invokes, writing only that "[t]here are also certain tolling provisions that are equitable

---

[8] Defendant cites to 920 F.3d 8̲0̲0, not 890. The Court once again presumes that to be a typographical error.

in nature." (Doc. No. 30 at 10). Nevertheless, he argues that he has three bases to invoke this indeterminate tolling doctrine: (1) Defendant did not provide him with "any final response to his inquiries within the time necessary;" (2) Plaintiff filed the suit within two years of the tax filing deadline; and (3) COVID "ravag[ed] the country," causing "most county employees were operating from home." (*Id.*).

To start, his second argument goes to the accrual date, not tolling, and, as mentioned above, he was on notice of his claim well before the tax filing deadline of October 2021, so much so that he knew to seek extension of his filing deadline. As to his COVID argument, Plaintiff does not explain why the suit was not electronically filed or why, when this Court reopened its courthouse doors to the public on July 13, 2020, Plaintiff was deterred from filing it. *See* In re: Public Reopening of the Bob Casey United States Courthouse in Houston, Texas and the United States Post Office and Courthouse in Galveston, Texas, Special Order H-2020-21 (S.D. Tex. Jul 8, 2020) (Rosenthal, J.) ("The United States District Court for the Southern District of Texas is open for, and is busy carrying out, its work.").[9]

Plaintiff's contention that Defendant delayed its response to his inquiries, however, warrants some discussion. From that well-pleaded fact arises two potential tolling doctrines: the discovery rule and fraudulent concealment rule. Under the discovery rule—a "very limited exception to statutes of limitations"—accrual of the cause of action is delayed if "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *King-White*, 803 F.3d at 764. "In such a circumstance, the cause of action does not accrue until the plaintiff knows or reasonably should have known of the injury." *Id.*

---

[9] Available at https://www.txs.uscourts.gov/sites/txs/files/Special%20Order%20H-2020-21%20Houston%20and%20 Galveston%20Courthouse%20Statuses.pdf

Here, even if the nature of the injury—his own tax obligations—were inherently undiscoverable, Plaintiff admits that he was issued the Form 1099 before February 20, 2021, and the form "indicat[ed that] he was not an employee, and the payment was not part of his backpay wages." (Doc. No. 26 at 5). Nor can he deny now that he was not on notice, since he began contacting Defendant about the form and the reduced amount. (Doc. No. 27-2). Thus, the discovery rule does not apply.

Plaintiff fares no better under the fraudulent concealment rule. "In Texas, defendants are estopped from relying on limitations if they are 'under a duty to make disclosure but fraudulently conceal the existence of a cause of action from the party to whom it belongs.'" *King-White*, 803 F.3d at 765 (cleaned up) (quoting *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983)). "The estoppel effect of fraudulent concealment ends, however, when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *Id.* (cleaned up).

Nothing in Plaintiff's Second Amended Complaint demonstrates that Defendant fraudulently concealed the existence of the cause of action. Even if it had, however, the Form 1099 was a fact, condition, or circumstance that "would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *King-White*, 803 F.3d at 765. He indeed made that inquiry and cannot now complain that he was not on notice.

### iii. Equitable Estoppel

The doctrine of equitable estoppel requires: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; and (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations. *Johnson & Higgins of*

12

*Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–16 (Tex. 1998). Plaintiff has not satisfied these elements. While the delay in responding, most liberally construed, may constitute concealment, the "material facts" here are that the taxes were not withheld and the pay was not for backpay which, as admitted by Plaintiff were apparent from Form 1099. *See* (Doc. No. 26 at 5). These facts were not concealed. Thus, any delay in communication with Defendant that occurred *after* the issuance of Form 1099 cannot be the basis of his equitable estoppel argument. Equitable estoppel does not apply either.

In sum, Plaintiff filed this suit more than two years after the accrual date of his § 1983 cause of action. Neither equitable tolling nor equitable estoppel save his claim.

## IV.  Conclusion

For these reasons, Plaintiff's suit is time barred, and Defendant's 12(b)(6) Motion to Dismiss is **GRANTED.**

Signed on this the **24** day of September 2024.

Andrew S. Hanen
United States District Judge

13